IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FIRST PRESBYTERIAN CHURCH OF
CORINTH, MISSISSIPPI                                                                PLAINTIFF

VERSUS                                                                              NO.: 1:07CV31

PRESBYTERY OF SAINT ANDREW,
PRESBYTERIAN CHURCH U.S.A., INC.                                                    DEFENDANT

**ORDER**

Defendant Presbyterian Church U.S.A., Inc. ("PCUSA") has removed this case on the grounds of federal question jurisdiction. *See* 28 U.S.C. § 1331. For the reasons discussed *infra*, the court concludes that it lacks subject matter jurisdiction over this case and that it should be remanded to state court.

Federal question jurisdiction over a case removed from state court depends on the well-pleaded complaint rule. *Willy v. Coastal Corp.*, 855 F. 2d 1160, 1165 (5th Cir. 1988). "[T]he plaintiff's well-pleaded complaint, not the removal petition, must establish that the case arises under federal law." *Id.* The burden of establishing jurisdiction rests on the party seeking removal. *Id.* at 1164. In its complaint, plaintiff First Presbyterian Church of Corinth seeks a determination, solely under Mississippi state law, of certain property rights held by the church. The dispute in this case was occasioned by plaintiff's decision to leave defendant Presbyterian Church U.S.A. ("PCUSA") after disagreements arose over various doctrinal matters, including the ordaining of homosexual ministers. As often happens in such disputes, disagreements have now arisen regarding the disposition of various church properties. It is clear from the complaint, however, that plaintiff seeks a determination of these property rights based solely upon Mississippi law.

Plaintiff does acknowledge in its complaint that the First Amendment to the U.S. Constitution places limitations upon the authority of the court to decide the issues in this case:

> Thus, while this court has subject matter jurisdiction to resolve the property dispute before it, it cannot do so by applying the PCUSA *Book of Order* property provisions, as such would constitute an unlawful church establishment prohibited by both the First Amendment to the United States Constitution and by the PCUSA's own Constitution.

Complaint at 7. In its removal petition, defendant argues, without citation to authority, that the First Amendment issues raised by plaintiff's complaint serve to give rise to federal removal jurisdiction, but the court does not agree. While the Supreme Court has held that a case may arise under federal law where the vindication of a right under state law necessarily turns on a construction of a substantial issue of federal law, *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983), the Court has made clear that the absence of a federal remedy for the violation of a federal statute is "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 814, 106 S. Ct. 3229, 3235, 92 L. Ed. 2d 650 (1986).

In the court's view, the First Amendment issues in this case are properly viewed as *limitations* upon the authority of the Circuit Court of Alcorn County, rather than as the basis for any private right of action such as might implicate the substantial federal question doctrine. The facts of this case are reminiscent of those in *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. 440, 89 S.Ct. 601 (1969), wherein the U.S. Supreme Court wrote as follows:

> It is of course true that the State has a legitimate interest in resolving property disputes, and that a civil court is a proper forum for that resolution. Special problems

2

arise, however, when these disputes implicate controversies over church doctrine and practice. The approach of this Court in such cases was originally developed in *Watson v. Jones*, 13 Wall. 679, 20 L.Ed. 666 (1872), a pre-*Erie R. Co. v. Tompkins* diversity decision decided before the application of the First Amendment to the States but nonetheless informed by First Amendment considerations. ... There, as here, civil courts were asked to resolve a property dispute between a national Presbyterian organization and local churches of that organization. There, as here, the disputes arose out of a controversy over church doctrine. There, as here, the Court was asked to decree the termination of an implied trust because of departures from doctrine by the national organization. The *Watson* Court refused pointing out that it was wholly inconsistent with the American concept of the relationship between church and state to permit civil courts to determine ecclesiastical questions. In language which has a clear constitutional ring, the Court said

> 'In this country the full and free right to entertain any religious belief, to practice any religious principle, and to teach any religious doctrine which does not violate the laws of morality and property, and which does not infringe personal rights, is conceded to all. The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect. * * * All who unite themselves to such a body (the general church) do so with an implied consent to (its) government, and are bound to submit to it. But it would be a vain consent and would lead to the total subversion of such religious bodies, if any one aggrieved by one of their decisions could appeal to the secular courts and have them (sic) reversed. It is of the essence of these religious unions, and of their right to establish tribunals for the decision of questions arising among themselves, that those decisions should be binding in all cases of ecclesiastical cognizance, subject only to such appeals as the organism itself provides for.'

The logic of this language leaves the civil courts no role in determining ecclesiastical questions in the process of resolving property disputes.

*Presbyterian Church*, 393 U.S. at 447.

It is thus well established, as all parties appear to concede, that the First Amendment places limitations upon the ability of civil courts to decide ecclesiastical questions in the course of resolving property disputes between churches. The fact remains, however, that civil courts *do* have the authority to resolve property disputes between churches, so long as they do not impermissibly stray into deciding ecclesiastical questions. The court trusts that the Circuit Court of Alcorn County will heed the limitations upon its authority in deciding the instant property dispute, and, if either

3

party is of the view that the trial court has overstepped its Constitutional bounds in that regard, than it may appeal to the Mississippi Supreme Court, and, if necessary to the U.S. Supreme Court. Indeed, the Supreme Court's decision in *Presbyterian Church* came before the Court on appeal from the Georgia Supreme Court, and it is thus apparent that said case was actually litigated in state court.

The court would also note that the timing of the instant removal raises suspicions as to whether it was made in good faith. That is, this case was removed the day before the expiration of a temporary restraining order which had been issued by the Circuit Court of Alcorn County prohibiting defendant from taking any actions (such as changing the locks on church property) which might disturb the *status quo* prior to the property issues being decided. Plaintiff has now filed for a TRO with this court, but the court concludes that, since it lacks jurisdiction over this matter, it would be improper to issue any such orders. The urgency of the property issues do require this court to take the unusual step of remanding the case on its own motion, however, so that the Circuit Court of Alcorn County may consider the issue of whether any further injunctive relief should be ordered.

In light of the foregoing, it is ordered that this case is remanded to the Circuit Court of Alcorn County, and the court directs the clerk of the court to immediately send the file in this matter to that state court.

SO ORDERED this the 20th day of February, 2007.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**